

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-71,296-02

### EX PARTE CLIFTON LAMAR WILLIAMS, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 114-1505-06-B IN THE 114TH JUDICIAL DISTRICT COURT SMITH COUNTY

*Per curiam.*

### O R D E R

In October 2006, a jury found applicant guilty of the offense of capital murder.

*See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory

punishment questions, the trial court sentenced him to death.[1] This Court affirmed

applicant's conviction and sentence on direct appeal. *Williams v. State*, 270 S.W.3d 112

(Tex. Crim. App. 2008). This Court denied relief on applicant's initial post-conviction

---

[1] *See* Art. 37.071. Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

application for a writ of habeas corpus. *Ex parte Williams*, No. WR-71,296-01 (Tex. Crim. App. Mar. 18, 2009)(not designated for publication).

On July 15, 2015, applicant filed in the trial court his first subsequent application for a writ of habeas corpus. After reviewing the application, this Court determined that the claim raised met the dictates of Article 11.071 § 5, and we remanded the application to the trial court for a review on the merits. *Ex parte Williams*, No. WR-71,296-02 (Tex. Crim. App. July 16, 2015)(not designated for publication).

It has been more than a year and a half since we remanded the application to the trial court. Accordingly, we order the trial court to resolve any remaining issues in the case within 180 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 29th DAY OF MARCH, 2017.

Do Not Publish